David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:     (602) 265-3332
Facsimile:      (602) 230-4482

Attorneys for Plaintiff
Kascha Neff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Kascha Neff | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| National Credit Audit Corporation | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Kascha Neff, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of National Credit Audit Corporation, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

12. Defendant is located in the City of Dallas, in the State of Texas.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

*Alleged Debt*

15. Sometime before November 17, 2015, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before November 17, 2015, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

18. Plaintiff currently disputes this debt, as she believes none of the charges by the original creditor are valid and are not owed.

19. Subsequent to the default, but before November 17, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about November 17, 2015, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

*Collection Abuse*

22. On or about December 8, 2015, Defendant's agent "MJ" called Plaintiff in an attempt to collect the debt.

23. During this call, Plaintiff became upset by the call and Defendant collecting an amount not owed, so Plaintiff disconnected the call.

24. Despite Defendant's agent knowing Plaintiff did not want to talk to her and that Plaintiff disconnected the call, Defendant's agent MJ immediately called back Plaintiff and left a voicemail threatening to report the debt on Plaintiff's credit report.

25. Through this conduct, Defendant communicated with the consumer in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

26. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

27. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

28. On or about December 8, 2015, well within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

29. Plaintiff sent this notice by certified mail, return receipt requested, and Defendant's agent "Mike Davis" signed for the dispute letter on December 14, 2015.

30. Despite receiving Plaintiff's dispute letter, Defendant continued to collect from Plaintiff.

31. On or about December 17, 2015, Defendant sent Plaintiff another collection letter.

32. By communicating with Plaintiff by mail before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g.

33. In Defendant's December 17, 2015 collection letter, Defendant falsely stated that Plaintiff, "failed to respond in a time manner." Defendant went on to state that Defendant "assume that the above referenced account is a valid debt, but you are refusing to pay."

34. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

35. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

36. Additionally, Defendant failed to wait the full thirty day dispute period prior to sending this second collection letter.

*Unlicensed Debt Collector*

37. Defendants are engaged in the business of attempting to collect debts in the State of Arizona. The debts that are pursued by Defendants are debts that have been allegedly acquired by Defendants after the debts are in default.

38. Defendants do not hold a current or even an expired license to act as a debt collection agency in the State of Arizona as required by A.R.S. 32-1021.

39. Defendants have and continue to act as a debt collection agency in Arizona.

40. Defendants willfully and knowingly acted as a debt collection agency in Arizona without a license. The Defendants and all persons are presumed to know the law.

41. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

42. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

43. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when

such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

44. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

*Damages*

45. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

### CAUSES OF ACTION
### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 22, 2015            By: */s/ David J. McGlothlin*
                                   David J. McGlothlin
                                   Attorneys for Plaintiff